**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| EVERILDA ROMERO VICENTE | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| AMERICO MENDOZA GONZALEZ | : | No. 1322 MDA 2024 |

Appeal from the Order Entered August 15, 2024
In the Court of Common Pleas of York County Civil Division at No(s):
2024-FC-0001421-03

BEFORE:  BOWES, J., OLSON, J., and STABILE, J.

JUDGMENT ORDER BY OLSON, J.:          **FILED: FEBRUARY 28, 2025**

Appellant, Everilda Romero Vicente ("Mother"), appeals from an August 15, 2024 order entered in the Court of Common Pleas of York County.  We vacate and remand for further proceedings.

On July 3, 2024, Mother, originally from Guatemala, filed a motion asking the trial court to adopt a stipulation between herself and Americo Mendoza Gonzalez ("Father") regarding custody of their minor child, E.E.R.V. (the "Child") (born August, 2008).  The stipulation "called for Mother to be awarded sole legal and physical custody of [the Child]."  Trial Court Opinion, 10/9/24, at 2.[1]  In addition, Mother filed a petition for special relief and asked the trial court to schedule an evidentiary hearing to make findings pertinent to the Child's pursuit of Special Immigrant Juvenile Status ("SIJS") pursuant

---

[1] That same day, Mother filed a complaint for custody and attached it to her motion.  ***See*** Trial Court Opinion, 10/9/24, at 2.

to 8 U.S.C. § 1101(a)(27)(J) and 8 C.F.R. § 204.11.[2] A hearing on Mother's petition was held on August 13, 2024. Ultimately, during the hearing, the trial court determined that Mother "did not qualify as an individual appointed by a State or juvenile court in whose custody the [C]hild [could be] legally committed" pursuant to 8 C.F.R. 204.11(c)(1)(B). Trial Court Opinion, 10/9/24, at 4; *see also* N.T. Hearing 8/16/24, at 7-9. As such, on August 15, 2024, the trial court denied Mother's petition for special relief. This timely appeal followed.

On appeal, Appellant challenges the trial court's order denying her petition for special relief in light of our Supreme Court's recent decision in *Velasquez v. Miranda*, 321 A.3d 876 (Pa. 2024). *See* Mother's Brief at 5. In *Velasquez*, our Supreme Court "granted discretionary review to address a matter of first impression for [the] Court, involving the correct procedure and standards when our courts are asked to make certain [required] findings

_____

[2] *See* 8 U.S.C.S. § 1101(a)(27)(J) (defining SIJS as applicable to a child immigrant who is present in United States and (i) who has been declared dependent by a juvenile court located in United States or who has been legally committed to, or placed under custody of, agency or department of State, or individual or entity appointed by State or juvenile court located in United States, and whose reunification with one or both of immigrant's parents is not viable due to abuse, neglect, abandonment, or similar basis found under State law; (ii) for whom it has been determined in administrative or judicial proceedings that it would not be in immigrant's best interest to be returned to his/her or parent's previous country of nationality or country of last habitual residence; and (iii) in whose case Secretary of Homeland Security consents to grant of SIJS). *See also* 8 C.F.R. § 204.11 (providing federal regulation governing special immigrant juvenile classification).

[pertaining to SIJ] classification for minors who seek that status before federal immigration authorities." *Id*. at 882. In so doing, the *Velasquez* Court noted that, under the Immigration and Nationality Act, a juvenile is qualified for SIJS if a "juvenile court . . . [l]egally commit[s] or place[s] the petitioner under the custody of . . . an individual . . . appointed by a State or juvenile court." *Id.* at 897, *citing* 8 U.S.C. § 1101(a)(27)(J)(i) (emphasis omitted). The Court then held that a "common pleas court with custody jurisdiction" qualifies as a "juvenile court" and may, in turn, make SIJS findings. *Id.* at 898. In addition, the High Court held that "a custody order to one parent is easily the kind of appointment envisioned by the SIJ statute" because "[such an] order sets, fixes, and defines custody in that individual." *Id*. at 897. Hence, pursuant to *Velasquez*, "a child with . . . an order from a Pennsylvania custody court" that awards custody to a parent "may qualify for SIJS as long as that court also makes the [required] predicate judicial determinations." *Id.* at 898 (emphasis omitted).

Based upon *Velasquez*, the trial court herein admitted that, by failing to grant Mother custody of the Child and, in turn, failing to hear testimony or make SIJS findings, it committed an error of law. *See* Trial Court Opinion, 10/9/24, at 10-11. We agree. We therefore vacate the trial court's August 15, 2024 order and remand for further proceedings.

Case remanded for further proceedings. Motion to Waive Oral Argument and Proceed on Briefs granted and case removed from argument list. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 02/28/2025